IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO SOTELO GUTIERREZ and MA DE LOURDES SANCHEZ VIDALES, *Plaintiffs*, v. CROWN EQUIPMENT CORPORATION, a corporation, *Defendant*. | Case No. 1:24-cv-12650 District Judge Georgia N. Alexakis Magistrate Judge Daniel P. McLaughlin |
| CROWN EQUIPMENT CORPORATION, *Defendant/Third-Party Plaintiff*, v. KEHE DISTRIBUTORS, LLC and KEHE ENTERPRISES, LLC, *Third-Party Defendants*. | **JURY TRIAL DEMANDED** |

**CROWN EQUIPMENT CORPORATION'S THIRD-PARTY COMPLAINT AGAINST KEHE DISTRIBUTORS, LLC AND KEHE ENTERPRISES, LLC**

NOW COMES Defendant/Third-Party Plaintiff Crown Equipment Corporation, by and through undersigned counsel, pleading in the alternative and without prejudice to its previously filed pleadings, for their Third-Party Complaint against Third-Party Defendants KeHE Distributors, LLC and KeHE Enterprises, LLC, and hereby states as follows:

**PARTIES**

1. On and before August 8, 2023, and at all times relevant herein, Plaintiff Francisco Sotelo Gutierrez is and was a resident of Cook County, Illinois.

2. On and before August 8, 2023, and at all times relevant herein, Plaintiff Ma De Lourdes Sanchez Vidales is and was the lawful wife of Plaintiff Francisco Sotelo Gutierrez.

3. Defendant/Third-Party Plaintiff Crown Equipment Corporation ("Crown") is an Ohio corporation with its principal place of business located at 44 South Washington Street, New Bremen, Ohio 45869.

4. Third-Party Defendant KeHE Distributors, LLC is a Delaware limited liability company with its principal place of business located at 1245 E Diehl Road, Suite 200, Naperville, Illinois 60563.

5. Third-Party Defendant KeHE Enterprises, LLC is a Delaware limited liability company with its principal place of business located at 1245 E Diehl Road, Suite 200, Naperville, Illinois 60563.

6. Third-Party Defendants KeHE Distributors, LLC and/or KeHE Enterprises, LLC operate, own, and/or control a distribution center located at 900 Schmidt Road, Romeoville, Illinois 60446.

**COUNT I – STATUTORY CONTRIBUTION**
*Crown Equipment Corporation v. KeHE Distributors, LLC and KeHE Enterprises, LLC*

7. Crown adopts and re-alleges Paragraph Nos. 1 through 6 of the Third-Party Complaint, inclusive, as though fully set forth in this Paragraph.

8. On January 7, 2025, Plaintiffs Francisco Sotelo Gutierrez and Ma De Lourdes Sanchez Vidales filed their First Amended Complaint at Law against Crown seeking recovery of damages for personal injuries sustained by Plaintiff Gutierrez as a result of an alleged accident which occurred on August 8, 2023 at the KeHE Distributors, LLC and/or KeHE Enterprises, LLC (collectively referred to as "KeHE") distribution center located in Romeoville, Illinois. A copy of the First Amended Complaint at Law is attached hereto as Exhibit A.

2

9. Crown filed its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint on January 31, 2025. A copy of Crown's Answer to Plaintiffs' First Amended Complaint is attached hereto as Exhibit B.

10. Plaintiffs First Amended Complaint at Law is currently pending against Crown.

11. At the time of Plaintiff Gutierrez's accident on or around August 8, 2023, Plaintiff Gutierrez was employed by KeHE at the KeHE distribution center located at 900 Schmidt Road, Romeoville, Illinois 60446.

12. According to Plaintiffs' First Amended Complaint, on August 8, 2023, during the course and scope of his employment at KeHE, Plaintiff Gutierrez was operating a Crown 40TS Turret Sideloader turret truck ("subject truck").

13. On the day of the incident, Plaintiff knew the subject truck was not operating correctly and informed his supervisor about the issue.

14. The KeHE supervisor, acting within the scope of his employment, refused to take the unit out of service and instead ordered Plaintiff to continue working on the subject truck.

15. Plaintiff complied with his supervisor's directions.

16. Later that day, the subject truck became stuck at an elevation of approximately forty (40) feet in the air.

17. According to Plaintiffs' First Amended Complaint, KeHE employees and/or agents attempted to lower the subject truck using a manual override procedure.

18. According to Plaintiffs' First Amended Complaint, as the KeHE employees and/or agents attempted to lower the subject truck using the manual override procedure, the cab of the subject truck fell to the ground causing injuries to Plaintiff Gutierrez.

19. At the time of Plaintiff Gutierrez's accident on or around August 8, 2023, KeHE and its employees and agents owed legal duties to exercise ordinary care for the safety of Plaintiff Gutierrez.

20. If Plaintiffs were injured or incurred damages as a result of the August 8, 2023 accident, the injuries and/or damages were caused by one or more of the following negligent acts and/or omissions or the part of KeHE or its employees and/or agents:

    a. Failure to properly train Plaintiff Gutierrez in the safe operation of material handling equipment and/or to identify and avoid unsafe conditions;

    b. Instructing Plaintiff Gutierrez to continue to operate the subject truck after receiving information there may be a mechanical problem;

    c. Failure to remove the subject truck from service after Plaintiff Gutierrez explained the subject truck was not performing properly;

    d. Failure to request repair and/or maintenance of the subject truck after receiving notice of a potentially dangerous condition;

    e. Performing maintenance and/or repair work in an unreasonable or negligent manner;

    f. Failure to provide Plaintiff Gutierrez with a safe means of avoiding injury;

    g. Failure to provide Plaintiff Gutierrez with a safe and proper work environment;

    h. Removing and/or releasing hydraulic fluid from the subject truck in an unreasonable or negligent manner;

    i. Failure to take proper precautions to prevent the platform from falling to the ground;

    j. Failure to properly inspect the subject truck prior to releasing the hydraulic fluid;

    k. Using the manual lowering valve in an unreasonable or negligent manner;

    l. Failure to train its employees and/or agents on proper maintenance and repairs, proper servicing, and proper usage of the manual lowering valve; and/or

    m. Was otherwise careless or negligent.

21. As a direct and proximate result of one or more of the above-listed careless and/or negligent acts and/or omissions on behalf of KeHE or its employees and/or agents, Plaintiff Gutierrez sustained the injuries and damages alleged in the First Amended Complaint.

22. At the time of Plaintiff Gutierrez's accident on August 8, 2023, there was in full force and effect in the State of Illinois the "Joint Tortfeasor Contribution Act", 740 ILCS 100/0.01, *et seq.*, which allows a party to seek contribution from another party who may be liable for the injuries or damages for which the contribution plaintiff is subject to liability in tort. Section 2(a) provides specifically, "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property… there is a right of contribution among them…" 740 ILCS 100/2(a).

23. If Crown should be found liable to Plaintiffs for the alleged damages sought in Plaintiffs' First Amended Complaint, it would be due to the careless and/or negligent acts and/or omissions of KeHE. Therefore, Crown is entitled to contribution from KeHE in an amount commensurate with its relative degree of fault.

24. If Crown becomes liable to pay more than its pro rata share of the common liability, then it will be entitled to contribution from KeHE for KeHE's full pro rata share of fault.

**WHEREFORE**, Defendant/Third-Party Plaintiff Crown Equipment Corporation requests that in the event judgment is entered against it and in favor of Plaintiffs, that a judgment for contribution be entered in its favor and against Third-Party Defendants KeHE Enterprises, LLC and KeHE Distributors, LLC in an amount commensurate with its pro-rata share of fault.

### COUNT II - CONTRACTUAL INDEMNITY
*Crown Equipment Corporation v. KeHE Distributors, LLC and KeHE Enterprises, LLC*

25. Crown adopts and re-alleges Paragraph Nos. 1 through 20 of the Third-Party Complaint, inclusive, as though fully set forth in this Paragraph.

26. On or around March 1, 2012, Crown and KeHE entered into a Full Maintenance Service Agreement regarding the material handling equipment purchased by and installed at the KeHE distribution center located at 900 Schmidt Road, Romeoville, Illinois 60446, which was in effect at all relevant times herein. A copy of the Full Maintenance Service Agreement is attached hereto as Exhibit C.

27. In or around October 2022, Crown and KeHE renewed the Full Maintenance Service Agreement, which remained in effect at all relevant times herein. A copy of the Renewal Agreement is attached hereto as Exhibit D.

28. Paragraph 15 of the Full Maintenance Service Agreement, which was in effect at the time of Plaintiff Gutierrez's accident, states:

> [KeHE] shall defend and hold Crown harmless from and against any and all of the following whether actual or alleged, unless caused by Crown's negligence: all damages, claims, suits, proceedings, liens, penalties, liabilities and expenses (including attorney's fees) arising out of or in any manner related to [KeHE]'s possession, use or operation of the equipment and resulting from injury or death of any person or damage to the property occurring on or about [KeHE]'s premises.

29. The term "equipment" encompasses the subject truck which Plaintiff Gutierrez was operating at the time of his accident. *See* Ex. D.

30. Per the explicit language of the Full Maintenance Service Agreement, KeHE shall defend and hold Crown harmless from and against any and all of the following whether actual or alleged, unless caused by Crown's negligence: all damages, claims, suits, proceedings, liens, penalties, liabilities and expenses (including attorney's fees) arising out of or in any manner related to KeHE's possession, use or operation of the equipment and resulting from injury or death of any person or damage to the property occurring on or about KeHE's premises.

31. KeHE owned, operated and/or controlled the distribution center located at 900 Schmidt Road, Romeoville, Illinois 60446 where Plaintiff Gutierrez's accident occurred.

32. KeHE owned, operated, possessed, used and/or controlled the subject truck Plaintiff Gutierrez was operating at the time of the subject accident located within the distribution center located at 900 Schmidt Road, Romeoville, Illinois 60446.

33. On August 8, 2023, during the course and scope of his employment at KeHE, Plaintiff Gutierrez was operating the subject truck, a Crown 40TS Turret Sideloader turret truck, and was injured due to the direct and proximate result of one or more of the careless and/or negligent acts and/or omissions of KeHE or its employees and/or agents as listed in Paragraph 20 of this Third-Party Complaint.

34. In the event judgment is entered against Crown and in favor of Plaintiffs, that a judgment for contractual indemnity be entered in its favor and against Third-Party Defendants KeHE Enterprises, LLC and KeHE Distributors, LLC in an amount commensurate with KeHE's pro-rata share of fault and for Crown's attorneys' fees and costs associated with this action and the defense of the Plaintiffs' claims.

35. In the event judgment is entered in Crown's favor, that a judgment for contractual indemnity be entered in Crown's favor and against Third-Party Defendants KeHE Enterprises,

LLC and KeHE Distributors, LLC for Crown's attorneys' fees and costs associated with this action and the defense of the Plaintiffs' claims.

**WHEREFORE**, Defendant/Third-Party Plaintiff Crown Equipment Corporation requests that a judgment for contractual indemnity be entered in its favor and against Third-Party Defendants KeHE Enterprises, LLC and KeHE Distributors, LLC in an amount commensurate with its pro-rata share of fault and for its attorneys' fees and costs associated with this action and the defense of the underlying action.

## JURY DEMAND

Defendant/Third-Party Plaintiff Crown Equipment Corporation respectfully requests a trial by jury on all issues raised herein so triable.

Dated: July 11, 2025

Respectfully Submitted,

**CROWN EQUIPMENT CORPORATION**

By: */s/ Daniel L. Stanner*
Daniel L. Stanner (ARDC #6210770)
John H. Andreasen (ARDC # 6332408)
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL 60604
(312) 762-9461
dstanner@tdrlaw.com
jandreasen@tdrlaw.com

- and -

Thomas J. Cullen, Jr., Esq. (*pro hac vice*)
Ryan M. Cullen, Esq. (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1222 Demonbreun St., Suite 1700
Nashville, TN 37203
(615) 664-5320
Thomas.cullen@nelsonmullins.com
Ryan.cullen@nelsonmullins.com
*Attorneys for Crown Equipment Corporation*